**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1847
_____

DANY JOSUE HERNANDEZ,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A205-165-732)
Immigration Judge: Daniel A. Morris
_____

Submitted under Third Circuit LAR 34.1(a)
on January 25, 2019

Before: JORDAN, KRAUSE and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 24, 2019)

_____

OPINION *
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge:

Dany Josue Hernandez petitions for review of a Board of Immigration Appeals (BIA) order affirming the denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). We will deny the petition for the following reasons.

I.

Hernandez is a native and citizen of Honduras. He first entered the United States unlawfully in January 2012, when he was twenty-two years old, and was subsequently apprehended and removed. He unlawfully reentered the United States later that year. In July 2017, the Department of Homeland Security initiated proceedings to reinstate the initial removal order. Hernandez claimed that, if removed to Honduras, he would be killed by either his abusive stepfather or local gang affiliates. After an asylum officer found that Hernandez had a reasonable fear of persecution or torture, he was placed in reasonable fear proceedings. Hernandez applied for asylum, withholding of removal, and relief under CAT.[1]

At the hearing before the IJ, Hernandez testified that he had been relentlessly tormented and abused by his stepfather from the age of eight until he fled to the United States. When he left the family home, his stepfather threatened to kill him if he returned. Hernandez testified about two additional episodes of violence that affected his

---

[1] As an alien subject to reinstatement of a prior order of removal, Hernandez was ineligible to apply for asylum. 8 U.S.C. § 1231(a)(5).

emigration. He claimed that, after he had witnessed the murder of a friend in 2008, the

perpetrators threatened to kill him if he ever identified them. Three years later, gang

members murdered his uncle and, according to Hernandez, wanted to kill him too.

Although Hernandez was considered credible, the IJ held that he had not established a

sufficient basis for withholding or relief under CAT. The BIA affirmed, and Hernandez

filed a petition for review.

II.[2]

Hernandez first contends that the BIA erred in denying his withholding-of-

removal application.[3] This argument is unpersuasive. To qualify for withholding relief,

Hernandez must demonstrate a "clear probability" of life-threatening harm upon return to

Honduras.[4] Past persecution creates a *rebuttable* presumption of future persecution: An

IJ may find by a preponderance of the evidence, as the judge did here, that an applicant

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the BIA's legal determinations de novo. *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017). We accept all factual findings supported by substantial evidence, deferring to the agency's determinations unless "evidence would compel any reasonable fact finder to reach a contrary result." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015).

[3] Hernandez sought withholding based on his membership in a particular social group, comprised of, alternatively, (1) members of his family, (2) victims of domestic violence in a family, or (3) individuals targeted by gangs. 8 C.F.R. § 1208.16(b) ("The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion."). The IJ found that the only *possible* cognizable social group to which Hernandez belonged consisted of members of his immediate family. Nevertheless, the IJ concluded that to the extent that Hernandez is a member of a cognizable social group, the harm alleged did not rise to the level of persecution.

[4] *See Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir. 2005) (quoting *INS v. Stevic*, 467 U.S. 407, 412 (1984).

3

could evade future harm because of a "fundamental change in circumstances," or by "relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so."[5]

Here, the BIA assumed Hernandez established past persecution based on his stepfather's abuse. But it held that the presumption of future harm had been rebutted since relocation was in this case reasonable. The BIA's conclusion is supported by substantial evidence. Although Hernandez suffered abuse as a child and young adult in the family home, he is now twenty-nine years old and capable of supporting himself. Given his status as an adult, and his testimony that he once relocated within Honduras to live with his uncle to escape his stepfather's abuse, the BIA correctly concluded Hernandez could avoid future harm by moving to another part of the country.[6]

Hernandez's other claims of future persecution are similarly unavailing. He testified to having witnessed his friend's murder and that the culprits threatened to kill him if he ever identified them. Hernandez also alleged gang members killed his uncle, and that they would persecute him because they mistakenly believed him to be his uncle's brother. But as the IJ noted, Hernandez was not pursued, and remained unharmed, in the years he lived in Honduras following these incidents. Thus, the BIA properly affirmed

---

[5] 8 C.F.R. § 1208.16(b)(1)(i); *accord Sesay v. Att'y Gen.*, 787 F.3d 215, 219 (3d Cir. 2015).

[6] *See Ixtlilco-Morales v. Keisler*, 507 F.3d 651, 654-55 (8th Cir. 2007) (holding that progression of age is a fundamental change of circumstances that could rebut a fear of persecution).

the IJ's finding that Hernandez did not establish a clear probability of future persecution by gang affiliates.

Hernandez also unsuccessfully contends he has established eligibility for protection under CAT. To qualify for CAT relief, Hernandez must show he would more likely than not be tortured by, or with the acquiescence of, the Honduran government if removed there.[7] The BIA correctly determined that Hernandez did not establish by a preponderance of the evidence that he would face such torture by public officials. Although Hernandez also claimed that his stepfather would kill him upon his return to Honduras—and provided evidence that local police were unwilling or unable to protect him—the BIA properly found, based on substantial evidence, that he could avoid risk of future harm by simply relocating to another region of Honduras.

Finally, Hernandez asserts the IJ and BIA acted in a manner that violated his due process rights—although the basis of that argument is not entirely clear. "Due process in this context requires that an alien be provided with a full and fair hearing and a reasonable opportunity to present evidence."[8] A petitioner "must show substantial prejudice" in order to prevail on a due process claim.[9] Hernandez has failed to do so. He was afforded a fair hearing and a reasonable opportunity to present evidence, which the

---

[7] 8 C.F.R. § 1208.18(a)(1); *accord Kaita v. Att'y Gen.*, 522 F.3d 288, 300 (3d Cir. 2008).
[8] *Romanishyn v. Att'y Gen.*, 455 F.3d 175, 185 (3d Cir. 2006); *accord Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006) ("Aliens are entitled to a full and fair hearing of [their] claims and a reasonable opportunity to present evidence." (internal quotation marks omitted)).
[9] *Romanishyn*, 455 F.3d at 185.

BIA considered before determining that he did not establish that he will likely be persecuted or tortured upon return to Honduras.

III.

For the foregoing reasons, we will deny Hernandez's petition for review.

6